Filed 4/4/23  P. v. Shelton CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B320731 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA339715) |
| v. | |
| MARQUETTE SHELTON, | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Nelson McVay (McVay)[1]—whom a jury convicted of the attempted murder of Isaac Coulibaly in 2008—asks us to reverse the trial court's order denying his petition filed pursuant to Penal Code section 1172.6 (formerly section 1170.95).[2] That section permits a defendant convicted of "attempted murder under the natural and probable consequences doctrine" to petition for resentencing. (§ 1172.6, subd. (a).)

McVay's appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). McVay filed a supplemental brief in which his primary contention is that the trial court erred by summarily denying his petition without first appointing counsel for him, as section 1172.6 mandates. We conclude, however, that any errors by the trial court were harmless because the record establishes that the jury did not convict McVay pursuant to the natural and probable consequences doctrine. To the contrary, the jury found that McVay personally aimed and fired a gun at Coulibaly with the intent to kill. McVay therefore is ineligible for section 1172.6 relief as a matter of law. We affirm.

---

[1] During the pendency of this appeal, McVay changed his name from "Marquette Shelton" to "Nelson McVay."

[2] Unless otherwise specified, all statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6 (Stats. 2022, ch. 58, § 10), without changing the statute's content. We hereafter cite to section 1172.6 for ease of reference.

2

## FACTUAL SUMMARY AND PROCEDURAL HISTORY[3]

In June 2008, the district attorney charged McVay with five counts arising out of an altercation in front of an after-hours Hollywood nightclub: (1) attempted murder, (2) second degree robbery, (3) possession of a firearm by a felon; (4) carrying a concealed firearm on his person, and (5) assault with a firearm. At trial, the prosecution argued that McVay—the only defendant charged—and at least two other men engaged in a fist fight with Coulibaly. During the fight, McVay or one of the other men ripped a necklace from Coulibaly's neck. Although injured, Coulibaly walked away at the conclusion of the fight. McVay followed Coulibaly and then aimed and fired a gun directly at his body. The gun malfunctioned, however, and Coulibaly survived the incident. The prosecution asserted that McVay's conduct in pursuing and then firing at Coulibaly constituted attempted murder.

On October 2, 2008, the jury acquitted McVay on the robbery charge, but convicted him on all remaining counts. With respect to the attempted murder charge, the jury found further that (1) McVay had acted willfully, deliberately, and with premeditation, and (2) he had "personally and intentionally discharged a firearm" in the course of the attempt. The trial court sentenced McVay to prison for 50 years to life, and, on April 26, 2010, this court affirmed McVay's conviction. (See *People v. Shelton* (April 26, 2010, B216443) [nonpub. opn.].)

On April 14, 2022, McVay, representing himself, filed a petition for resentencing under section 1172.6. Checking boxes on the printed form petition, McVay declared under penalty of

---

[3] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

perjury that he met the statutory requirements for resentencing and requested that the trial court appoint counsel to represent him during the resentencing process. The trial court did not appoint counsel. Instead, on April 25, 2022, it summarily denied McVay's petition, explaining: "The petition presents claims raised and rejected in a prior habeas petition and petitioner has not alleged facts establishing an exception to the rule barring reconsideration of claims previously rejected. (See order of denial filed 4-14-21.) Such successive claims constitute an abuse of the writ of habeas corpus. . . . Reconsideration is also denied."[4]

McVay timely appealed the court's denial of his petition, and we appointed appellate counsel to represent him. On January 23, 2023, McVay's appointed counsel filed a brief raising no issues and requesting that we follow the procedures set forth in *Delgadillo*, including that we permit McVay "to file a supplemental brief raising any issues he wishes the court to consider." (Boldface and capitalization omitted.) McVay filed a supplemental brief on February 14, 2023.

## DISCUSSION

### A. Law Governing *Delgadillo* Appeals

In *Delgadillo*, the Supreme Court established the procedure for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. (*Delgadillo*, *supra*, 14 Cal.5th 216.) In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the

---

[4] Our appellate record does not contain any "order of denial" dated April 14, 2021, nor does it contain any prior habeas petition filed by McVay.

petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231–232.)  If the defendant files a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)  But "[t]he filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*)

### B.    Law Governing Section 1172.6 Petitions

"Murder has long been defined as 'the unlawful killing of a human being . . . with malice aforethought.' " (*People v. Offley* (2020) 48 Cal.App.5th 588, 595 (*Offley*), quoting § 187, subd. (a).)  " 'Malice aforethought may be express or implied.  [Citation.] "Express malice is an intent to kill. . . . Malice is implied when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses." ' [Citation.]" (*Offley*, *supra*, at p. 595.)

"Prior to the enactment of Senate Bill No. 1437, however, a defendant who aided and abetted a crime that ended in a victim's death could be convicted of murder under the natural and probable consequences doctrine even if the defendant personally did not act with malice aforethought.  The natural and probable consequences doctrine provides that ' "[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that

5

is a natural and probable consequence of the intended crime." ' [Citation.]" (*Offley, supra*, 48 Cal.App.5th at p. 595.)

"Senate Bill No. 1437 was enacted to abolish this doctrine in cases of murder.[5] It amended section 188 to require that, when the felony murder rule does not apply, a principal in the crime of murder 'shall act with malice aforethought,' and that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' [Citations.] As a result, the natural and probable consequences doctrine can no longer support a murder conviction." (*Offley, supra*, 48 Cal.App.5th at p. 595, fn. added and omitted.)

Senate Bill No. 1437 also enacted section 1172.6, which provides a procedure whereby "convicted murderers who could not be convicted under the law as amended" may petition to have the conviction vacated and be resentenced on any remaining counts. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); see § 1172.6, subd. (a).) In 2021, the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.), which, among other changes, extended the application of section 1172.6 to defendants convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)

If a section 1172.6 petition contains all the required information, including "[a] declaration by the petitioner that

---

[5] The bill "also amended section 189 by adding a requirement to the felony-murder rule that a defendant who was not the actual killer or a direct aider and abettor must have been a major participant in the underlying felony and acted with reckless indifference to human life." (*Offley, supra*, 48 Cal.App.5th at p. 595, fn. 4, citing Stats. 2018, ch. 1015, § 3.) This aspect of the law is not relevant to McVay's appeal.

the petitioner is eligible for relief," the trial court must appoint counsel, if requested (§ 1172.6, subds. (b)(1)(A) & (b)(3)); the prosecutor must "file and serve a response" to the petition, to which the petitioner may reply (*id.*, subd. (c)); and "[a]fter the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*) A trial court's failure to comply with these statutory requirements is harmless if the record of conviction establishes that a defendant is ineligible for section 1172.6 relief as a matter of law. (See *People v. Hurtado* (Mar. 27, 2023, B319381) ___ Cal.App.5th ___ [2023 WL 2643086 at p. *3] (*Hurtado*).)

### C. McVay Is Ineligible for Section 1172.6 Relief as a Matter of Law

McVay is ineligible for section 1172.6 relief as a matter of law because the record of conviction establishes that the jury did not convict him pursuant to the natural and probable consequences doctrine.[6]

At trial, the prosecution argued that McVay—acting alone—committed attempted murder when he aimed and fired a gun at Coulibaly, the only alleged victim. The trial court instructed the jury that, to find McVay guilty of attempted murder, it must conclude that he "intended to kill." The

---

[6] The record submitted in connection with this appeal does not contain a transcript of the parties' opening and closing arguments at McVay's trial or the instructions provided to the jury. These materials, however, are available to us as part of the record submitted in support of McVay's appeal of his conviction, case No. B216443. We exercise our authority to take judicial notice of the materials. (See Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

court did not instruct the jury on the natural and probable consequences doctrine.[7]  In addition, the jury determined that McVay committed the attempted murder willfully, and with deliberation and premeditation—findings that the court instructed the jurors they could make only if they concluded that McVay "intended to kill when he acted," and that he "decided to kill before acting" after "carefully weigh[ing] the considerations for and against his choice."  Finally, the jury concluded that McVay "personally and intentionally discharged a firearm" in the commission of the crime.

Thus, in convicting McVay of attempted murder, the jury necessarily concluded that he personally shot at Coulibaly with the intent to kill.  (See *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 [the appellate court "presume[d] a jury underst[ood] and follow[ed] the court's instructions"].)  These determinations by the jury distinguish McVay's case from the various authorities on which he relies in arguing that neither his status as the actual shooter nor his conviction on the firearm enhancement categorically bars his resentencing request.  Accordingly, we conclude that McVay is ineligible for section 1172.6 relief as a matter of law.  (See *Hurtado*, *supra*, ___ Cal.App.5th ___ [2023 WL 2643086 at p. *3] ["[a]s *the* attempted murderer, [petitioner] is 'ineligible for relief' as 'a matter of law' "].)

---

[7] "Section [1172.6] applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*Coley*, *supra*, 77 Cal.App.5th at p. 548.)  But because McVay nonetheless references the felony-murder rule in his petition, we note that the trial court did not instruct the jury on felony murder or on any other theory of imputed malice with respect to the attempted murder charge.

None of the remaining arguments in McVay's supplemental brief persuades us otherwise. First, McVay urges that the trial court's failure to appoint counsel and its summary denial of his facially valid petition constitute structural error that mandates reversal. "But a trial court's statutory omissions at the first step of the section 1172.6 process are not state or federal constitutional violations," and such omissions therefore are subject to harmless error review. (*Hurtado, supra*, ___ Cal.App.5th ___ [2023 WL 2643086 at p. *3], citing *Lewis, supra*, 11 Cal.5th at p. 973.) And assuming for purposes of argument that the trial court erred in failing to appoint counsel and conduct a hearing on McVay's petition, any such errors were harmless because McVay is categorically ineligible for section 1172.6 relief. [8] (*Hurtado, supra*, ___ Cal.App.5th ___ [2023 WL 2643086 at p. *3].)

Next, McVay urges that the trial court erred by not instructing the jury on the natural and probable consequences doctrine, and that the trial evidence does not support that he acted with the intent to kill. These arguments fail because section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the

---

[8] In light of this conclusion, we need not address the propriety of the trial court's determination that McVay's petition impermissibly "present[ed] claims raised and rejected in a prior habeas petition," nor need we resolve whether that determination relieved the court of its duties under section 1172.6 to appoint counsel for McVay and conduct a hearing. (See *Cortes, supra*, 75 Cal.App.5th at p. 204 ["declin[ing] to address the trial court's reasons for denying the petition" because the appellate court "may affirm a ruling that is correct in law on any ground"].)

evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

Finally, we note that we did not rely on the statement of facts contained in appointed counsel's *Delgadillo* brief in resolving this appeal.  We therefore need not decide whether, as McVay contends, his counsel erred in relying on McVay's probation report in drafting the brief's statement of facts.

## DISPOSITION

We affirm the April 25, 2022 order denying McVay's section 1172.6 petition.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


CHANEY, J.